UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, § § § | |
| *Plaintiff,* § § | Civil Action No. 3:21-CV-00227-X |
| v. § § | |
| DAY EXPRESS, LLC; REINALDO LOPEZ GONZALEZ; BRYAN O'NEIL YOUNG; PERLA JUDITH VARGAS DELAO ROMERO, *Individually and as Next Friend of minors YR, GR, and* ER, § § § § § § § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are motions for default judgment from plaintiff Knight Specialty Insurance Company (Knight) against (1) Day Express, LLC (Day Express) [Doc. No. 42]; (2) Reinaldo Lopez Gonzalez [Doc. No. 43]; and (3) defendant Perla Judith Vargas Delao Romero, Individually and as Next Friend of YXXXX RXXXXX, a Minor, GXXXXX RXXXXX, a Minor, and EXXXXXX RXXXX, a Minor (collectively Vargas) [Doc. No. 44]. For the reasons below, the Court **DENIES** the motions for default judgment.

### I. Factual Background

Gonzalez was driving a tractor-trailer operated by Day Express and became involved in a vehicle accident, allegedly injuring Vargas (including her three minor children) and Bryan O'Neil Young. Vargas and Young sued Gonzalez and Day Express. Knight was Day Express's commercial insurer at the time of the accident.

1

Knight filed this declaratory judgment claim against Young, Vargas, Gonzalez, and Day Express, arguing it had no duty to defend or indemnify Day Express and Gonzales in the underlying suit.

Young appeared, and the parties filed a proper stipulated dismissal, with both parties bearing their own costs and fees. And Knight has obtained a clerk's default against Gonzalez, Vargas, and Day Express. Knight then moved for default judgment as to those three remaining defendants, and none of them has responded.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a complaint.[1]

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

### III. Application

There are a couple of problems with Knight's motions. The first is with regard to Vargas, who Knight sued not only individually but also as next friend of her three minor children. The problem is that Rule 55(b)(2) provides that "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." So the only proper motion as to Vargas's minor children is either a motion to appoint an ad litem or a motion to dismiss them.

Vargas herself, Gonzalez, and Day Express aren't minors. But there are still issues precluding the Court from awarding a default judgment as to them while the three minors are in the case and unrepresented. Courts routinely refrain from granting default judgments (or at least assessing the measure of damages) when plaintiffs allege damages against multiple defendants before the end of the case.[2] Here, Knight seeks the same relief against all remaining defendants: a declaration that it has no duty to defend or indemnify Day Express and Gonzales in the underlying suit. Granting that relief as to the adult defaulting parties before the Court has appointed and heard from an ad litem for the minors would potentially yield the same inconsistencies that cause courts to wait to resolve these partial default issues until the end of the case.

---

[2] *See, e.g.*, *Mori Seiki USA, Inc. v. McIntyre*, No. 306-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (Boyle, J.) ("Many courts have held, based on *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), that when the plaintiff alleges joint liability against multiple defendants, an entry of default as to some of the defendants is appropriate, but a judgment should not be entered until the case has been decided with regard to all of the defendants.").

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Knight's motion for default judgment against Vargas, Gonzalez, and Day Express. Knight should file an appropriate motion within 28 days of this order. Failure to do so will result in the Court dismissing the remainder of Knight's claims.

**IT IS SO ORDERED** this 7th day of March 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE