UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, | § § § § § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 3:21-CV-00227-X |
| DAY EXPRESS LLC, et al., | § § § | |
| *Defendants.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Knight Specialty Insurance Company ("Knight") moved for a default judgment against defendants Day Express, LLC ("Day Express"); Reinaldo Lopez Gonzalez; and Perla Judith Vargas Delao Romero ("Vargas") [Doc. Nos. 47, 48, 49]. For the reasons below, the Court **GRANTS** the motions for default judgment.

### I. Factual Background

Gonzalez crashed a tractor-trailer into a car Bryan O'Neil Young was operating. Vargas's vehicle—with Vargas and her three minor children aboard—then crashed into Young's vehicle. Because Young, Vargas, and the three children all sustained injuries, they sued Gonzalez and Day Express—Gonzalez's employer—in Texas state court (the "state court suit"). Knight, Day Express's insurer at the time of the accident, was not a party to the state court suit.

Wary of the writing on the wall, however, Knight brought the instant suit, seeking a declaratory judgment that, under its insurance policy with Day Express ("the policy"), it had no duty to defend or indemnify defendants in the state court suit.

1

Initially, Knight sued Day Express, Gonzalez, Young, and Vargas. Knight sued Vargas both individually and as "Next Friend" of her three children.[1]

Young appeared and achieved voluntary dismissal, but Day Express, Gonzalez, and Vargas never appeared. Thus, Knight obtained clerk's defaults against them and moved for a default judgment in February 2022. But this Court denied those motions because Vargas's minor children remained in the lawsuit and Knight had not moved "to appoint an ad litem" for the children.[2] Accordingly, Knight voluntarily dismissed its "claims . . . against the minor defendants named in this action"[3] and again moved for a default judgment against Day Express, Gonzalez, and Vargas in March 2022.

Defendants remain taciturn.

## II. Legal Standards

When a defendant fails to appear, Federal Rule of Civil Procedure 55(b)(2) provides that a plaintiff may "apply to the court for a default judgment." To determine whether to enter a default judgment, this Court first examines whether a default judgment is appropriate under the circumstances.[4] Relevant factors include (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether a good-faith mistake or excusable neglect caused the default; (5) the harshness of a default judgment; and (6) whether the court would grant a motion to set aside the

---

[1] Doc. No. 1 at 1.

[2] Doc. No. 45 at 3.

[3] Doc. No. 46 at 1.

[4] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

2

default judgment.[5]  Second, the Court appraises whether the plaintiff's pleadings provide a sufficient basis for its claims.[6]

### III. Analysis

Because Knight served the defendants with the complaint, which they have ignored for over a year, the Court deems Knight's well-pled allegations admitted.[7] The Court must assess (A) the procedural appropriateness of a default judgment, and (B) the sufficiency of Knight's complaint.

### A. Procedural Appropriateness

At the outset, three potential bars to a default judgment are absent. First, no ad litem is necessary because Knight dismissed the minor defendants. Second, because Knight moves for a default judgment against all remaining defendants, there are no partial default concerns. Third, this Court need not hold a hearing because "no hearing is necessary" where a default-judgment plaintiff seeks something other than "monetary damages."[8] Because Knight seeks only declaratory relief, no hearing is necessary.[9]

---

[5] *Id.*

[6] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[7] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[8] *Wells Fargo Bank, N.A. v. Dixon*, No. 3:20-CV-00745-X, 2021 WL 1250340, at *2 (N.D. Tex. Apr. 5, 2021) (Starr, J.).

[9] *See also Hiscox Ins. Co., Inc. v. Blue Star Recycling, LLC*, No. 3:20-CV-01924-X, 2022 WL 1265926, at *2 (N.D. Tex. Apr. 28, 2022) (Starr, J.) ("While Rule 55 allows for hearings when a party has not appeared, it does not command them.").

3

Turning to the six relevant factors, the Court finds that (1) there are no material facts in dispute because the defendants failed to file any responsive pleadings; (2) there has not been substantial prejudice; (3) the defendants' continued failure to participate in this litigation clearly establishes grounds for the default; (4) there is no reason to think the defendants are acting under a good-faith mistake or excusable neglect; (5) a default judgment is not harsh because the judgment would merely grant a remedy prescribed by the Declaratory Judgment Act; and (6) the pleadings, lack of response, and consequential failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. The Court concludes that a default judgment is appropriate under these circumstances.

### B. Sufficiency of Knight's Complaint

Next, the Court must assess the merits of Knight's claims. Although Defendants, by virtue of their default, are deemed to have admitted Knight's well-pled allegations, the Court still reviews the complaint to determine whether Knight established a viable claim for relief.[10]

To begin, this Court has jurisdiction. Knight alleged diversity of citizenship because Knight is a citizen of Delaware and California, while the defendants are citizens of Florida and Kentucky.[11] As for the amount in controversy, "[i]n actions seeking declaratory . . . relief, it is well established that the amount in controversy is

---

[10] *Nishimatsu*, 515 F.2d at 1206.

[11] *See* 28 U.S.C. § 1332.

4

measured by the value of the object of the [underlying] litigation."[12] In the underlying lawsuit, the defendants seek over $200,000.[13]

On the merits, "[d]istrict courts engage in a three-step analysis when determining whether a declaratory judgment action should proceed," considering (1) "whether the declaratory action is justiciable," (2) "whether [the court] has the 'authority' to grant declaratory relief in the case presented," and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[14]

First, this declaratory-judgment action is justiciable. Justiciability requires "a case of actual controversy,"[15] which is coextensive with "an Article III case or controversy."[16] "An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's *duty to defend*."[17] Likewise, an insurer's duty to *indemnify* "is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*."[18] Here, Knight claims it has no duty to defend or indemnify Day Express because the trailer and tractor involved in the accident are not "covered

---

[12] *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (cleaned up).

[13] Doc. No. 1 at 3.

[14] *Sasol N. Am., Inc. v. GTLPetrol, L.L.C.*, 682 F. App'x 312, 314 (5th Cir. 2017) (cleaned up).

[15] 28 U.S.C. § 2201.

[16] *Frye*, 953 F.3d at 294.

[17] *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008).

[18] *Id.* at 111 (cleaned up).

autos" under Knight's insurance policy with Day Express.[19] Thus, the same reason allegedly negates both the duty to indemnify and the duty to defend.

Second, this Court has authority to issue a declaratory judgment. A district court lacks authority to "consider the merits of [a] declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act."[20] Here, none of the defendants sued Knight in state court—Knight isn't even a party to that suit. Similarly, the contractual language of the policy isn't at issue in the state court suit. Thus, the Court has authority to issue a declaratory judgment.

Third, the Court exercises its discretion to decide this declaratory-judgment action. In exercising that discretion, courts consider the following factors:

> (1) whether there is a pending action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff's suit is anticipatory; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[21]

---

[19] Doc. No. 1 at 5–7.

[20] *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).

[21] *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, No. 22-30286, 2022 WL 4244833 (5th Cir. Sept. 15, 2022).

The Court finds that (1) there is no pending action in which the interpretation of the policy may be fully litigated; (2) Knight's suit is not fatally anticipatory, as the Fifth Circuit has allowed similar declaratory-judgment actions to proceed "before the underlying suit was resolved"[22]; (3) there is no indication Knight engaged in forum shopping; (4) there are no inequities in allowing Knight to gain precedent; (5) federal court is a convenient forum; and (6) resolving the suit in federal court serves the purpose of judicial economy.  The Court must also weigh those factors against "the purposes of the Declaratory Judgment Act"—namely "to avoid multiplicity of suits."[23] The Court finds that deciding the instant case avoids multiplicity of suits because Day Express and Knight would have to engage in an additional suit to determine their rights under the policy.

Turning to the merits, Knight seeks a declaratory judgment that it has no duty under the policy to defend or indemnify Day Express, Gonzalez, or Vargas for any claims arising out of the car accident at issue.  Knight alleges that the policy applies only to "covered autos," which is limited to two Volvo tractors expressly identified in the policy.[24]  Because other vehicles are not listed as being covered by the policy, the Freightliner tractor and Wabash trailer involved in the wreck at issue do not fall within that coverage.  The Court agrees.  Knight has stated a valid claim for

---

[22] *Columbia Cas.*, 542 F.3d at 111.

[23] *Travelers Ins. Co.*, 996 F.2d at 777–78; *see also Robinson v. Hunt Cnty.*, 921 F.3d 440, 450 (5th Cir. 2019) (cleaned up).

[24] Doc. No. 1-3 at 24.

declaratory relief that, under the policy, it owes Day Express no duty to defend or indemnify it in the underlying lawsuit.

## IV. Remedy

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration" and that "such declaration shall have the force and effect of a final judgment."[25] Because Knight seeks a declaratory judgment, Knight seeks a permissible remedy, given its status as an insurer.

The remaining issue is the scope of the declaration. Knight requests that the Court declare that Knight has no duty to defend or indemnify Day Express, Gonzalez, or Vargas for any claims arising out of the car accident at issue. The Court has reviewed the proposed declaration and finds it appropriate. The Court will enter it by separate order.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Knight's motions for default judgment.

**IT IS SO ORDERED** this 5th day of October, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[25] 28 U.S.C. § 2201(a).